1

**BEN TRAVIS LAW, APC**

2

Ben Travis (SBN 305641)

*ben@bentravislaw.com*

3

4660 La Jolla Village Drive, Suite 100

4

San Diego, CA 92122

Phone: (619) 353-7966

5

6

**REESE LLP**

Michael R. Reese (SBN 206773)

7

*mreese@reesellp.com*

8

100 West 93rd Street, 16th Floor

New York, New York 10025

9

Telephone: (212) 643-0500

10

11

Attorneys for Plaintiff

Mikhail Gershzon and the Proposed Class

12

UNITED STATES DISTRICT COURT

13

NORTHERN DISTRICT OF CALIFORNIA

14

15

MIKHAIL GERSHZON, an individual, on behalf of himself and all others similarly situated,

16

17

Plaintiff,

18

19

vs.

20

21

EVENT TICKETS CENTER, INC., a Florida Corporation,

22

23

Defendant.

24

25

26

27

28

Case No:

**COMPLAINT FOR:**

1. Violation of the Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*)
2. Violation of the Unfair Competition Law. (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)
3. Violation of the False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*)
4. Violation of the Ticket Resale Law (Cal. Bus. & Prof. Code §§ 22500 *et seq.*
5. Breach of Warranty
6. Unjust Enrichment

**DEMAND FOR JURY TRIAL**

**<u>CLASS ACTION</u>**

Plaintiff MIKHAIL GERSHZON ("Plaintiff") brings this class action, on behalf of himself and all others similarly situated against EVENT TICKETS CENTER, INC. ("ETC" or "Defendant"). Plaintiff alleges the following based upon information and belief, the investigation of counsel, and personal knowledge as to the allegations pertaining to himself.

## I.      NATURE OF THE CASE

1.      Defendant operates the website eventticketscenter.com, which purports to be a ticket resale website where consumers can buy tickets to events, but in actuality is a scam that deceives consumers.

2.      Defendant leads consumers into its trap through its advertising online via Google and other methods by using misrepresentations that lead consumers to believe that they are visiting the actual ticket site for the venue where the event is taking place.

3.      Once the consumer is lured into the trap, Defendant further entices them to purchase tickets by misrepresenting that the tickets are limited or almost sold out when such statements are false.

4.      These misrepresentations enable Defendant to charge consumers hefty premium prices for the tickets, far more than the consumer would pay if they were purchasing from the actual site for the venue.

5.      The scam does not end there. In many instances, the tickets that Defendant "sells" are counterfeit or are never actually provided.

6.      The misrepresentations are uniform and were communicated to Plaintiff and every Class member through its advertising and at the point of purchase of the tickets.

7.      Plaintiff was misled by Defendant's affirmative misrepresentations. Had he been aware of the misrepresentations described herein, he would not have purchased tickets from Defendant.

8.      Plaintiff thus bring this action pursuant to: (i) California Civil Code §§ 1750, et seq. (the Consumers Legal Remedies Act or "CLRA"); (ii) California's Business & Professions Code §§ 17200, et seq. (the Unfair Competition Law or "UCL"); (iii) Cal. Bus. & Prof. Code §§ 17500, *et seq.* (the False Advertising Law), and (iv) Cal. Bus. & Prof. Code §§ 22500 *et seq.* (the Ticket Resale Law). Plaintiff also brings claims for breach of warranty and unjust enrichment. Plaintiff seeks damages, restitution and injunctive relief, and any other relief deemed appropriate by the court to which this case is assigned. Plaintiff also seeks public injunctive relief to protect the general public.

## II.     JURISDICTION AND VENUE

9.      This Court has personal jurisdiction over Defendant, because Defendant has conducted and continues to conduct business in the State of California, and because Defendant has committed the acts and omissions complained of herein in the State of California.

10.     This court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d), as Plaintiff (California) and Defendant (Florida) are diverse, there are over 100 class members, and the amount in controversy exceeds $5 million.

11.     Venue is proper in this District, because a substantial portion of the acts giving rise to this action occurred in this District. Specifically, Plaintiff resides in and purchased tickets from Defendant within this District.

## III.    DIVISIONAL ASSIGNMENT

12.     Assignment to the San Francisco or Oakland Division is proper under Civil Local Rules 3-2(c) and 3-2(d) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in San Francisco County.

## IV.     PARTIES

13.     **Plaintiff Mikhail Gershzon** is, and at all times mentioned herein was, an individual citizen of the State of California and resident of San Francisco.

14.   Plaintiff was deceived by Defendant's misrepresentations and purchased tickets from Defendant's website during the statute of limitations period.

15.   Plaintiff paid a premium price for the tickets, far above the actual price of the tickets sold by the venue.

16.   Plaintiff was provided with counterfeit tickets.

17.   Plaintiff relied upon Defendant's misrepresentations in making his decision to purchase the tickets. Plaintiff suffered injury in that he would not have bought from Defendant if he had known the truth. Plaintiff would like to buy from Defendant's website in the future if the misrepresentations are corrected.   He does not currently intend to do so because he cannot rely on the accuracy of the representations in deciding whether or not he should purchase from Defendant's website but would be able to do so once the Court issues an injunction.

18.   **Defendant Event Tickets Center, Inc.** is a corporation organized under the laws of the state of Florida. ETC's principal place of business is also in Florida.

19.   Defendant ETC owns and operates a ticket retail service called eventticketscenter.com.

20.   On information and belief, ETC owns and operates additional ticket retail platforms, the identities of which are unknown to Plaintiff.

21.   On information and belief, the advertising and misrepresentations, that Plaintiff and Class members relied upon in making their decisions to purchase tickets from Defendant were conceived, designed, prepared and/or approved by Defendant and were disseminated by Defendant and its agents through marketing and advertising containing the misrepresentations, from its headquarters.

22.   On information and belief, in committing the wrongful acts alleged herein, Defendant in connection with its subsidiaries, affiliates and/or other related entities and their employees planned, participated in and furthered a common scheme to induce members of the public to purchase the tickets by means of false,

misleading, deceptive and fraudulent representations, and Defendant participated in the making of such representations in that it disseminated misrepresentations or caused them to be disseminated.

**V.     FACTUAL ALLEGATIONS**

23.     Defendant operates the website eventticketscenter.com.

24.     Defendant utilizes advertising to draw consumers to its website.

25.     Defendant's advertising contains misrepresentations that lead consumers to believe that by clicking on the link, they will be visiting the actual site for the venue.

26.     Once Defendant lures consumers into visiting its website, it continues its deception by leading consumers to believe that the tickets are limited or almost sold out, when in fact that is untrue. This enables Defendant to charge a hefty premium on the tickets.

27.     Even after manipulating the consumer into making a purchase at a grossly inflated price, Defendant continues to scam the consumer.

28.     Defendant provides counterfeit tickets or in some instances does not provide the tickets at all.

29.     Upon information and belief, Defendant runs other similar websites which operate the same way.

**A. RELIANCE AND ECONOMIC INJURY**

30.     On April 2, 2023, Plaintiff sought to purchase tickets to the Queen and Adam Lambert concert taking place on November 11, 2023.

31.     Plaintiff was looking to purchase tickets from the venue and Defendant's website popped up. Plaintiff believed that he was on the ticket site for the actual venue.

32.     Defendant's website led him to believe that it was difficult to obtain tickets for the concert and therefore charged him $433.87 for two tickets to the concert.

33.     After the purchase, Defendant provided him with digital tickets via an email. However, those tickets turned out to be fraudulent.

34.     Plaintiff purchased from Defendant's website because he believed he was purchasing from the actual venue and that the tickets were legitimate.

35.     Plaintiff relied on Defendant's misrepresentations in making his purchase, including its representation of the limited quantity of tickets.

36.     Plaintiff would not have purchased from Defendant if he knew the representations were false and misleading.

37.     Plaintiff paid more for the tickets than he otherwise would have, and would only have been willing to pay less, or unwilling to purchase it at all, absent the misleading representations.

38.     As a result of the false and misleading representations, the tickets are sold at a premium price compared to other similar tickets represented in a non-misleading way and are sold at a price that is higher than the price of the tickets would have been if they were represented in a non-misleading way.

39.     Plaintiff was also deprived of the benefit of the bargain because the tickets he purchased were different than what Defendant warranted.

**B. CONSUMER COMPLAINTS**

40.     The internet is rife with complaints by others who have been scammed by Defendant.

41.     On the Better Business Bureau page for Event Tickets Center[1], ETC has a rating of 1.13 out of 5.00 based on 617 reviews.

42.     One review posted on April 21, 2024 states: "Absolutely a scam in my opinion. They add on a ton of fee's that *** don't realize and they make you think they are the "actual real seller" of the events being sold. When in fact they are a 3rd

_____

[1] https://www.bbb.org/us/fl/gainesville/profile/event-ticket-sales/event-tickets-center-inc-0403-235973866

CLASS ACTION COMPLAINT

party that but tickets and resell them to people. I am 100% disappointed in myself for believing they are the actual seller of tickets. NEVER AGAIN!!! My tickets on the actual site would be $150 less than they are on this site. Total I could have done 2 nights for the price I paid here for 1 night with my kids. Disgusting. And then to resell them on here is an absolute joke, no help as to where to go to get them listed. And they treat you as if your completely illiterate."

43.    Another review from April 20, 2024 states: "DO NOT BUY- SCAM Bought two VIP tickets for a concert last night. Paid over $300 for two tickets with VIP access tailgate and vip seating. Followed instructions and printed off tickets (red flag- who prints off tickets in 2024)! Got to the venue and the tickets were a scam. No VIP party or special seating- the people at the venue scanning tickets had never even seen this kind of ticket. Went to the Ticketmaster counter and they were just as confused- bar code was invalid and not even a company they even recognized. Spent an hour on the phone trying to get a refund. Kept being put on hold over and over again. I was told in order to get a refund I need proof in writing or an email to say that the tickets were fake. I asked the rep to speak to Ticketmaster directly and they refused. As we were standing there another couple approached the counter with the same printed ticket!! They were also scammed! Luckily, the Ticketmaster attendant was able to find us two more tickets and we were able to enjoy the concert. As a married couple with kids we were looking forward to a fun stress free night. This made things extremely stressful and frustrating for us. Shame on you!"

44.    A review from April 5, 2024 states: "This site is awful and Service fee is extremely high over 32% the price of my ticket. It is a scam and somehow when you search Event Tickets pops up first and finding true website to buy tickets direct is extremely difficult. Horrible Business Practice and should not be allowed to resell tickets. I thought I was purchasing direct for this event not a reseller. Don't be fooled this company is not helpful and they hide their service fee till the end of the purchase.

I wish I could leave something lower than 1 star as I was not happy with my experience."

45.     Another review from March 1, 2024 states: "This company should be shut down. You are directed to their site from a venue site and they don't tell you you have left the original site until it's too late.. They charged me more than $100 more than the venue site charged. Tickets do not arrive until up to show time. My email said my tickets would be sent the day before the event. It's the day before the event and now they say their supplier had 24 hour delay. As long as they send the email even one minute before showtime even if I can't access it, they're in the clear. STAY AWAY from this company. I can potentially be out $422"

46.     The complaints go on and on with numerous consumers complaining about Defendant's practices.

## VI.   CLASS ACTION ALLEGATIONS

47.     Plaintiff brings this action pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of himself and all other similarly situated individuals, and as a member of the class and subclass ("Collectively referred to as the "Class") defined as follows:

> **The Nationwide Class is defined as follows:**
>
> All residents of the United States who, within the applicable statutes of limitation periods, made a purchase from Defendant's websites for purposes other than resale.
>
> **The California Subclass is defined as follows:**
>
> All residents of California, who, within four years prior to the filing of this Complaint, made a purchase from Defendant's websites for purposes other than resale.

CLASS ACTION COMPLAINT

48.   Excluded from the Class are: Defendant, its assigns, successors, and legal representatives; any entities in which Defendant has controlling interests; and any Judicial officer to which this case is assigned, their immediate family and staff.

49.   Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise. Plaintiff also reserves the right to create additional subclasses.

50.   At this time, Plaintiff does not know the exact number of Class members; however, given the nature of the claims and the number of complaints, Plaintiff believes that the Class members are so numerous that joinder of all members is impracticable.

51.   There is a well-defined community of interest in the questions of law and fact involved in this case. The questions of law and fact that are common to the Class members and predominate over questions that may affect individual Class members include:

1.   whether Defendant misrepresented that it was the actual venue;

2.   whether Defendant misrepresented that tickets were limited;

3.   whether Defendant's marketing, advertising, and/or selling of the tickets with misrepresentations constituted an unfair and/or deceptive trade practice;

4.   whether Defendant participated in and pursued the common course of conduct complained of herein;

5.   whether Defendant was enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for Defendant to retain the benefits conferred upon it by Plaintiff and the other Class members;

6.   whether Defendant's marketing, advertising, and/or selling of tickets with misrepresentations violated the CLRA;

7.    Whether Defendant's conduct constitutes breach of warranty;

8.    Whether Plaintiff and the Class are entitled to injunctive relief; and

9.    Whether Defendant was unjustly enriched by its unlawful conduct

52.    Plaintiff's claims are typical of those of the Class because Plaintiff, like all Class members, was exposed to Defendant's misrepresentations, purchased tickets in a typical consumer setting and sustained damages from Defendant's wrongful conduct.

53.    Plaintiff will adequately protect the interests of the Class and has retained counsel who are experienced in litigating complex class actions. Plaintiff has no interests that conflict with those of the Class.

54.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

55.    The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met, as Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the Class as a whole.

56.    Defendant's conduct is generally applicable to the Class as a whole and Plaintiff seeks, inter alia, equitable remedies with respect to the Class as a whole. As such, Defendant's systematic policies and practices make declaratory relief with respect to the Class as a whole appropriate.

57.    The requirements of Fed. R. Civ. P. 23(b)(3) are met as common issues predominate over any individual issues, and treatment of this matter as a class action is superior to numerous individual actions.

58.    The litigation of separate actions by Class members would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for

Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another might not. Additionally, individual actions may be dispositive of the interests of the Class, although certain Class members are not parties to such actions.

59.     Unless the Class is certified, Defendant will retain monies received as a result of Defendant's unlawful and deceptive conduct alleged herein. Unless a class-wide public injunction is issued, Defendant will also likely continue to advertise, market, and promote its product and services in an unlawful and misleading manner, and members of the Class will continue to be misled, harmed, and denied their rights under California law.

## COUNT I

### Unfair and Deceptive Acts and Practices in Violation of
### the California Consumers Legal Remedies Act
### (Cal. Civ. Code §§ 1750, *et seq.*)

**(By Plaintiff on Behalf of the California Subclass and the general public)**

60.     Plaintiff incorporates by reference each of the allegations contained in the preceding and following paragraphs of this Complaint and further alleges as follows.

61.     This cause of action is brought pursuant to the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750-1785 (the "CLRA").

62.     Plaintiff and the other Subclass members are "consumers," as the term is defined by California Civil Code § 1761(d), because he and they bought the tickets at issue for personal, family, or household purposes.

63.     Plaintiff and Defendant, and the other Subclass members and Defendant, have engaged in "transactions," as that term is defined by California Civil Code §1761(e).

64.    The conduct alleged in this complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

65.    As alleged more fully above, Defendant has violated the CLRA by misrepresenting to Plaintiff and the other Subclass members that it was the actual venue, that tickets were limited and that it was selling legitimate tickets.

66.    As a result of engaging in such conduct, Defendant has violated California Civil Code § 1770(a)(1), (a)(2), (a)(3), (a)(5), (a)(7), (a)(9), (a)(14) and (a)(16).

67.    The unfair and deceptive acts and practices of Defendant, as described above, present a serious threat to Plaintiff and the other Subclass members.

68.    On information and belief, Defendant's actions were willful, wanton, and fraudulent.

69.    On May 9, 2024, Plaintiff sent a letter to Defendant pursuant to Cal. Civ. Code §1782 that provided Defendant notice of the misconduct and requested that Defendant cure its misconduct within 30 days (the "CLRA Notice"). Defendant received the CLRA Notice on May 14, 2024.

70.    Defendant has not corrected or remedied the unlawful conduct after receiving the CLRA Notice, and Defendant continues to engage therein.

71.    Pursuant to California Civil Code § 1780(a)(2) and (a)(5), Plaintiff seeks an order of this Court that includes, but is not limited to, an order requiring Defendant to:

      a.    Remove and/or refrain from making statements representing that it is the actual venue, that tickets are limited when they are not and that it will supply legitimate tickets when it won't;

      b.    Conduct a corrective advertising campaign.

CLASS ACTION COMPLAINT

72.     Plaintiff and the other Subclass members may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

73.     Pursuant to California Civil Code § 1780(a)(2), Plaintiff also seeks a public injunction to enjoin Defendant's unlawful methods, acts, and practices alleged herein. If the injunctive relief is not granted, and Defendant is permitted to continue to engage in these practices, California's consumers will continue to suffer harm.

74.     Pursuant to California Civil Code § 1780(a), Plaintiff also seeks actual damages, restitution of property and punitive damages.

75.     Plaintiff also seeks the additional amounts set forth in § 1780(b)(1) for those Subclass members who are senior citizens.

76.     Plaintiff also seeks reasonable attorneys' fees and costs.

**COUNT II**

**Violation of California's Unfair Competition Law**

**(Cal. Bus. & Prof. Code §§ 17200, *et seq.*)**

**(By Plaintiff on Behalf of the California Subclass and the general public)**

77.     Plaintiff incorporates by reference each of the allegations contained in the preceding and following paragraphs of this Complaint and further alleges as follows.

78.     By committing the acts and practices alleged herein, Defendant has violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, as to the Subclass as a whole, by engaging in unlawful, fraudulent, and unfair conduct.

79.     **Unlawful Conduct.** Defendant has violated the UCL's proscription against engaging in unlawful conduct as a result of violations of the CLRA, Cal. Civ. Code § 1770(a)(1), (a)(2), (a)(3), (a)(5), (a)(7), (a)(9), (a)(14) and (a)(16), as alleged above.

80.   **Unfair Conduct.** Defendant's acts and practices described above also violate the UCL's proscription against engaging in unfair conduct.

81.   Plaintiff and the other Subclass members suffered a substantial injury by virtue of buying products that they would not have purchased absent Defendant's unlawful, fraudulent, and unfair advertising or by virtue of paying an excessive premium price for the unlawfully, fraudulently, and unfairly priced products.

82.   There is no benefit to consumers or competition from such deception, other than to increase Defendant's own profits.

83.   The gravity of the consequences of Defendant's conduct as described above outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and such conduct is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Plaintiff and the other Subclass members.

84.   **Fraudulent Conduct.** Defendant's acts and practices described above also violate the UCL's proscription against engaging in fraudulent conduct.

85.   The representations and omissions constitute "fraudulent" business acts and practices because they are false and misleading to Plaintiff and the Subclass members.

86.   Defendant's representations and omissions deceived Plaintiff and the Subclass members.

87.   Defendant knew or reasonably should have known that its statements and omissions were likely to deceive consumers.

88.   Plaintiff and the other Subclass members suffered a substantial injury by virtue of buying tickets that they would not have purchased absent Defendant's unlawful, fraudulent, and unfair misrepresentations or by virtue of paying an excessive premium price for the unlawfully, fraudulently, and unfairly priced products.

89.     Plaintiff and the other Subclass members had no way of reasonably knowing that the tickets they purchased were not as marketed or advertised. Thus, they could not have reasonably avoided the injury each of them suffered.

90.     Defendant's violations of the UCL continue to this day. Pursuant to California Business and Professional Code § 17203, Plaintiff and the Subclass seek an order of this Court that includes, but is not limited to, an order requiring Defendant to:

a.      Remove and/or refrain from making statements representing that it is the actual venue, that tickets are limited when they are not and that it will supply legitimate tickets when it won't;

a.      Conduct a corrective advertising campaign;

b.      Provide restitution to Plaintiff and the other Subclass members;

c.      Disgorge all revenues obtained as a result of violations of the UCL; and

d.      Pay Plaintiff's and the Subclass' attorneys' fees and costs.

**COUNT III**

**Violation of California's False Advertising Law**

**(Cal. Bus. & Prof. Code §§ 17500, *et seq.*)**

**(By Plaintiff on Behalf of the California Subclass and the general public)**

91.     Plaintiff incorporates by reference each of the allegations contained in the preceding and following paragraphs of this Complaint and further alleges as follows.

92.     The False Advertising Law prohibits making any false or misleading advertising claim.

93.     Defendant makes false and misleading advertising claims by deceiving consumers as alleged herein.

94.     In reliance on these false and misleading advertising claims, Plaintiff and the Subclass members purchased tickets without the knowledge that they were not as advertised.

95.     Defendant knew or should have known that its representations and omissions were likely to deceive consumers.

96.     As a result, Plaintiff and the Subclass members seek injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

**COUNT IV**

**Violation of California's Ticket Resale Law**

**(By Plaintiff on Behalf of the California Subclass)**

97.     Plaintiff incorporates by reference each of the allegations contained in the preceding and following paragraphs of this Complaint and further alleges as follows.

98.     California Business and Professional Code §22503 defines the term "ticket seller" as "any person who for compensation, commission, or otherwise sells admission tickets to sporting, musical, theatre, or any other entertainment event."

99.     Defendant is a ticket seller and charges end customers for tickets.

100.    Defendant receives a commission and/or compensation for every ticket sold on its website.

101.    Defendant prohibits ticket buyers from contacting or even knowing the original ticket holder and buyers solely deal with Defendant.

102.    Buyers pay Defendant directly and Defendant alone, not a third party, for the full amount of the tickets bought from Defendant.

103.    Buyers receive the tickets in a digital form from Defendant.

104.    Defendant failed to deliver to Plaintiff and other class members the valid tickets at a specific price because Plaintiff and other members of the Class were

CLASS ACTION COMPLAINT

1  denied entry or expelled from their seats for the events for which they purchased
2  tickets.

3      105.  Defendant, after failing to deliver valid tickets, did not refund the
4  purchasers two times the purchase price of the tickets and did not pay any of the
5  sums expended by the purchaser in nonrefundable expenses for attending or
6  attempting to attend the event.

7      106.  Defendant's failure to deliver to Plaintiff and other members of the
8  valid tickets at a specific price is a violation of BPC § 22502.2.

9      107.  As a result, Plaintiff and other class members are entitled to damages
10 equal to two times the contracted price of the ticket, in addition to any sum expended
11 by them in nonrefundable expenses for attending or attempting to attend the event
12 in good faith reliance on seat or space availability, and reasonable attorney's fees
13 and court costs.

## COUNT V

### Breach of Warranty

### (By Plaintiff on Behalf of the Nationwide Class)

18     108.  Plaintiff incorporates by reference each of the allegations contained in
19 the preceding and following paragraphs of this Complaint and further alleges as
20 follows.

21     109.  By advertising and selling the tickets at issue, Defendant made
22 promises and affirmations in its advertising and on its website, as described herein.
23 This advertising constitutes express warranties and became part of the basis of the
24 bargain between Plaintiff and members of the Class and Defendant. Defendant
25 purports, through its advertising, to create express warranties that the tickets, among
26 other things, conform to the advertising.

27     110.  By advertising and selling the tickets at issue, Defendant, a merchant
28 of goods, made promises and affirmations of fact that the tickets are merchantable

17

and conform to the promises or affirmations of fact made through its marketing and advertising, as described herein. This advertising, combined with the implied warranty of merchantability, constitute warranties that became part of the basis of the bargain between Plaintiff and members of the Class and Defendant--- that the tickets, among other things, conform to the advertising.

111.    Contrary to Defendant's warranties, the tickets do not conform to the advertising and, therefore, Defendant breached its warranties about the tickets and their qualities.

112.    As a direct and proximate result of Defendant's breach of warranty, Plaintiff and members of the Class were harmed in the amount of the purchase price they paid for the tickets. Further, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the tickets, and any interest that would have accrued on those monies, in an amount to be proven at trial.

113.    Accordingly, Plaintiff seeks a monetary award for breach of warranty in the form of damages, restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiff and the Class for said monies, as well as injunctive relief to enjoin Defendant's misconduct to prevent ongoing and future harm that will result.

**COUNT VI**

**Unjust Enrichment**

**(By Plaintiff on Behalf of the Nationwide Class)**

114.    Plaintiff incorporates by reference each of the allegations contained in the preceding and following paragraphs of this Complaint and further alleges as follows.

115.    As alleged above, Defendant's false and misleading advertising caused Plaintiff and the Class to purchase the tickets at a premium.

116.    It would be unjust and inequitable for Defendant to retain the above-mentioned benefits. Defendant was only able to charge a premium for the tickets by

1    intentionally misrepresenting the tickets.

2          117.   Defendant obtained benefits and monies because the tickets were not as

3    represented and expected, to the detriment and impoverishment of Plaintiff and the

4    Class members, who seek restitution and disgorgement of inequitably obtained

5    profits.

6                                    **PRAYER FOR RELIEF**

7          WHEREFORE, Plaintiff demands judgment on behalf of herself and the Class

8    as follows:

9          A.    An order certifying the proposed Class; appointing Plaintiff as

10                representative of the Class; and appointing Plaintiff's undersigned

11                counsel as Class counsel;

12         B.    A declaration that Defendant is financially responsible for notifying

13                Class members of the pendency of this suit;

14         C.    A declaration that Defendant has committed the violations alleged

15                herein;

16         D.    An award of statutory damages under the Ticket Resale Law;

17         E.    An award of restitution for Class members;

18         F.    An award of disgorgement for Class members;

19         G.    An order enjoining Defendant's unlawful and deceptive acts and

20                practices

21         H.    Injunctive relief for Class members;

22         I.    An order awarding Plaintiff and the other Class members the reasonable

23                costs and expenses of suit, including their attorneys' fees;

24         J.    An order awarding prejudgment and post-judgment interest, consistent

25                with permissible law and pursuant to only those causes of action so

26                permitted; and

27         K.    Any further relief that the Court may deem appropriate.

28         Plaintiff also requests a temporary, preliminary and/or permanent order for

19

public injunctive relief requiring Defendant to cease the conduct alleged herein, including making the false and/or misleading statements alleged herein that are in violation of California law.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury for all claims so triable.

Date: June 26, 2024                    BEN TRAVIS LAW, APC

                                       By: /s/ *Ben Travis*
                                       Ben Travis (305641)
                                       ben@bentravislaw.com
                                       4660 La Jolla Village Drive, Suite 100
                                       San Diego, CA 92122
                                       Phone: (619) 353-7966

                                       Attorneys for Plaintiff and the Proposed Class

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>VENUE AFFIDAVIT</u>

I, Mikhail Gershzon, declare and state as follows:

1.     I am the named Plaintiff in this action and make this affidavit pursuant to California Civil Code § 1780(d).

2.     The Complaint in this action is filed in a proper place for trial of this action because Defendant is doing business in the County of San Francisco. Furthermore, I purchased tickets from Defendant while in the County of San Francisco.

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct.

Executed this 26th day of June 2024 in San Francisco, California.

MIKHAIL GERSHZON