1  PETER B. MARETZ, SBN 144826
   pmaretz@stokeswagner.com
2  OMAR V. HERNANDEZ, SBN 340089
   ohernandez@stokeswagner.com
3  STOKES WAGNER ALC
   401 W. A. Street, Suite 2235
4  San Diego, CA  92101
   Telephone:    (619) 232-4261
5  facsimile:      (619) 232-4840

6  Attorneys for Defendant
   EVENT TICKETS CENTER, INC.
7

8  BEN TRAVIS, SBN 305641
   ben@bentravislaw.com
9  BEN TRAVIS LAW, APC
   4660 La Jolla Village Drive, Suite 100
10 San Diego, CA 92122
   Phone: (619) 353-7966
11

12 MICHAEL R. REESE, SBN 206773
   mreese@reesellp.com
13 REESE LLP
   100 West 93rd Street, 16th Floor
14 New York, New York 10025
   Telephone: (212) 643-0500
15

16 Attorneys for Plaintiff MIKHAIL GERSHZON

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKHAIL GERSHZON, an individual, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>EVENT TICKETS CENTER, INC., a Florida Corporation,<br><br>            Defendant. | Case No.   3:24-cv-04142-AGT<br><br>**Hon. Alex G. Tse**<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

**JOINT CASE MANAGEMENT STATEMENT**

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff Mikhail Gershzon, ("Plaintiff") and Defendant Event Tickets Center, Inc. ("Defendant") (jointly, the "Parties") jointly lodge the following report.

The parties' counsel identified below participated in a meeting as required by Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Order Setting Scheduling Conference and have prepared the following joint report.

1. JURISDICTION AND SERVICE

Plaintiff alleges that the court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d) ("CAFA"), as Plaintiff (California) and Defendant (Florida) are diverse, there are over 100 alleged class members, and the amount in controversy exceeds $5 million. There are no issues regarding personal jurisdiction or venue. Defendant was served and has made an appearance by counsel.

Defendant does not dispute subject matter jurisdiction. However, Defendant disputes that this Court has personal jurisdiction over Defendant due to the Defendant's lack of contact with the forum state.

2. FACTS

Plaintiff: Defendant operates the website eventticketscenter.com. Defendant utilizes advertising to draw consumers to its website. The advertising contains misrepresentations that lead consumers to believe that by clicking on the link, they will be visiting the actual site for the venue. Once Defendant lures consumers into visiting its website, it continues its deception by leading consumers to believe that the tickets are limited or almost sold out, when in fact that is untrue. This enables Defendant to charge a hefty premium on the tickets. Even after manipulating the consumer into making a purchase at a grossly inflated price, Defendant continues to scam the consumer. Defendant provides counterfeit tickets or in some instances does not provide the tickets at all.

Plaintiff purchased tickets from Defendant believing he was purchasing tickets from the venue. He was misled to pay more than he would have and ended up receiving fraudulent tickets.

Defendant: Defendant operates the a ticket resell marketplace website called eventticketscenter.com. Defendant provides a platform for consumers to purchase and sell tickets typically for entertainment-related events. On April 2, 2023, Plaintiff purchased tickets to a Queen & Adam Lambert concert which was scheduled to to take place on Saturday November 11, 2023 in Los Angeles, California. Plaintiff received a confirmation email of his purchase on April 2, 2023.

On November 6, 2023 Plaintiff received an email confirming Plaintiff's tickets were ready to be claimed. This November 6, 2023 email contained instructions for accessing the tickets.

On November 8, 2023 Plaintiff received an email confirming that the tickets had been transferred to Plaintiff's email, the same email Plaintiff used to purchase the tickets on April 2, 2023. The November 8, 2023 email also contained instructions on how to locate the tickets if Plaintiff had not yet "claimed" them per the instructions from the November 6, 2023 email.

Defendant's records show that tickets were transferred on November 6, 2023 and Plaintiff downloaded them on November 11, 2023. Further records indicate that Plaintiff or whoever Plaintiff directed to access the tickets had technical issues with their smartphone. Defendant fulfilled Plaintiff's purchase according to their policies and procedures. Defendant provided Plaintiff with ttimely, valid, and legitimate tickets for Plaintiff's purchase on April 2, 2023.

3.  LEGAL ISSUES

The Parties dispute whether Defendant's conduct was unlawful and whether Plaintiff suffered injury.

Defendant also disputes that Plaintiff is a viable class member to represent a putative class.

4.  MOTIONS

There are no pending motions.

Plaintiff anticipates filing a Motion for Class Certification. Plaintiff may also file a Motion for Summary Judgment.

Defendant anticipates opposing any Motion for Class Certification. Defendant also may file a Motion for Summary Judgment/Adjudication.

5. AMENDMENT OF PLEADINGS

Plaintiff does not intend to amend his complaint at this point but reserves his right to amend. Plaintiff proposes that the Court set the deadline to amend pleadings to January 31, 2025.

6. EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. DISCLOSURES

The Parties will serve their Initial Disclosures under Fed. R. Civ. P. 26 on October 4, 2024.

8. DISCOVERY

Plaintiff will serve discovery shortly. Plaintiff asserts discovery should not be bifurcated.

Defendant will serve discovery shortly. Defendant asserts discovery should be bifurcated because Defendant contends Plaintiff does not have viable individual claims.

The Parties do not propose any limitations or modifications to the discovery rules, and filed a Stipulated Protective Order based on the Model Protective Order for the Northern District of California.

There are no identified discovery disputes at this time.

The parties anticipate standard discovery including written discovery, document productions, third party subpoenas, depositions, and expert discovery.

The parties are not yet certain how many depositions of fact witnesses will be requested. The parties do not request permission to serve more than 25 interrogatories.

9. CLASS ACTION

Plaintiff proposes that class certification discovery not proceed separately from merits discovery.

Defendant contends that class certification discovery proceed separately from merits discovery because Defendant contends Plaintiff does not have a viable individual claim and denies all individual and class claims alleged.

All attorneys of record for the Parties have reviewed the Procedural Guidance for Class Action Settlements.

10. RELATED CASES

None.

11. RELIEF

Plaintiff seeks the following forms of relief:

a) Class certification under FRCP 23;

b) An award of compensatory, statutory, and nominal damages in an amount to be determined;

c) An award for equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendant's wrongful conduct;

d) Public Injunctive Relief

e) An award of reasonable attorneys' fees, costs, and litigation expenses, as allowable by law; and

f) Such other and further relief as this Court may deem just and proper.

Defendant denies Plaintiff is entitled to any such damages or relief as requested above, and seeks recovery of its costs and attorneys' fees. Defendant also seeks such other relief as the Court deems appropriate.

12. SETTLEMENT AND ADR

There have been settlement discussions. The Parties agree to private mediation.

13. OTHER REFERENCES

None.

14. NARROWING OF ISSUES

The Parties have identified that the following issues can be narrowed by motion: (1) whether Plaintiff may maintain the action as a class action, based upon Rule 23.

15. PROPOSED SCHEDULES

The Parties offer their proposed schedule below.

| Deadline | Proposed Date |
|---|---|
| Plaintiff shall file his class certification brief | August 1, 2025 |
| Defendant shall file its opposition to class certification | September 8, 2025 |
| Plaintiff shall file his reply to Defendant's opposition to class certification | October 6, 2025 |
| Fact discovery shall close | 60 days after a ruling on Plaintiff's Motion for Class Certification |
| Plaintiff shall serve his expert reports | 3 months after a ruling on Plaintiff's Motion for Class Certification |
| Defendant shall serve its expert reports | 3 months after a ruling on Plaintiff's Motion for Class Certification |
| Expert Rebuttal Reports due | 5 months after a ruling on Plaintiff's Motion for Class Certification |
| Expert discovery shall close | 6 months after a ruling on Plaintiff's Motion for Class Certification |
| Summary judgment motions shall be filed | 7 months after a ruling on Plaintiff's Motion for Class Certification |
| Oppositions to summary judgment motions shall be filed | Four weeks after Defendant files its summary judgment motion |
| Replies to oppositions to summary judgment motions shall be filed | Six weeks after Defendant files its summary judgment motion |
| Dispositive Motion Hearing Date | 11 months after a ruling on Plaintiff's Motion for Class Certification |
| Pretrial Conference | To be determined after a ruling on Plaintiff's Motion for Class Certification |
| Trial on the merits | To be determined after a ruling on Plaintiff's Motion for Class Certification |

16. TRIAL

Plaintiff contends that this is a jury proceeding and anticipates the trial will take two weeks.

Defendant also requests a jury trial and anticipates trial will take two weeks.

17. DISCLOSURE OF NON-PARTY INTERESTED PERSONS

The Parties have filed their Certificates of Interested Entities or Persons. There are no persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

18. PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

19. OTHER

None.

Respectfully submitted,

DATED: October 4, 2024         /s/ Ben Travis

                               BEN TRAVIS
                               Attorney for Plaintiff MIKHAIL GERSHZON


DATED: October 4, 2024         /s/ Omar V. Hernandez

                               PETER B. MARETZ
                               OMAR V. HERNANDEZ
                               Attorney for Defendant EVENT TICKETS CENTER, INC.

I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content, and have authorized the filing.

DATED: October 4, 2024            /s/ Ben Travis

                                            BEN TRAVIS
                                            Attorney for Plaintiff MIKHAIL GERSHZON

**JOINT CASE MANAGEMENT STATEMENT**