Paul W. Sweeney, Jr. (SBN 112511)
Paul.Sweeney@klgates.com
Kevin S. Asfour (SBN 228993)
Kevin.Asfour@klgates.com
Jacob R. Winningham (SBN 357987)
Jacob.Winningham@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
8th Floor
Los Angeles, California 90067
Telephone: (310) 552-5000
Facsimile: (310) 552-5001

Attorneys for Defendant
EVENT TICKETS CENTER, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKHAIL GERSHZON, an individual, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>EVENT TICKETS CENTER, INC.,<br><br>    Defendant. | Case No. 3:24-cv-04142-RS<br><br>**DEFENDANT EVENT TICKETS CENTER, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION**<br><br>Date:       July 31, 2025<br>Time:       1:30 P.M.<br>Judge:      Hon. Richard Seeborg<br>Courtroom:  3<br><br>[*Filed concurrently with Declaration of Jacob Winningham*]<br><br>Complaint Filed:    July 9, 2024 |

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION .................................................................................................. 1
   A. ETC has not waived its right to compel arbitration against Gershzon.................................................................................................. 1
   B. Plaintiff's Opposition misunderstands ETC's position on delegation. ................................................................................................ 10
   C. Plaintiff individually assented to the terms & policies' binding Arbitration Agreement. ..................................................................... 11
II. CONCLUSION ................................................................................................... 12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Armstrong v. Michaels Stores, Inc.*,
   59 F.4th 1011 (9th Cir. 2023) ................................................................................. 2, 3, 9

*Banq, Inc. v. Purcell*,
   No. 23-15229, 2024 WL 4164126 (9th Cir. Sept. 10, 2024) ............................................ 4

*Berman v. Freedom Fin. Network*,
   30 F.4th 849 (9th Cir. 2022) ........................................................................................ 12

*Branco v. Norwest Bank Minnesota, N.A.*,
   381 F.Supp.2d 1274 (D. Haw. 2005) ............................................................................ 8

*Capps v. JPMorgan Chase Bank, N.A.*,
   No. 2:22-cv-00806-DAD-JDP, 2023 WL 3030990 (E.D. Cal. Apr. 21,
   2023) ........................................................................................................................... 12

*Chan v. Panera, LLC*,
   Case No. 2:23-cv-04194-JLS-AJR, 2024 WL 4137332 (C.D. Cal. Sept.
   3, 2024) .............................................................................................................. 3, 4, 5, 6

*Cmty. Dental Servs. v. Tani*,
   282 F.3d 1164 (9th Cir. 2002) ....................................................................................... 8

*Cordas v. Uber Techs., Inc.*,
   228 F.Supp.3d 985 (N.D. Cal. 2017) ........................................................................... 12

*DropZoneMS, LLC v. Cockayne*,
   Case No. 3:16-cv-02348-YY, 2019 WL 2070417 (D. Ore. Feb. 27,
   2019) .............................................................................................................................. 8

*Earn Guild PTE LTD v. Crowdcreate, LLC*,
   Case No.: 2:23-09277 ADS, 2024 WL 5365055 (C.D. Cal. Dec. 16,
   2024) .......................................................................................................................... 4, 6

*Evitt v. Experian Info. Sols. Inc.*,
   CASE NO. 3:23-cv-05294-LK, 2024 WL 1513614 (W.D. Wash. Apr.
   8, 2024) .......................................................................................................................... 9

*Fisher v. A.G. Becker Paribas Inc.*,
791 F.2d 691 (9th Cir. 1986) .... 8

*Fox v. Experian Info. Sols., Inc.*,
718 F.Supp.3d 1231 (E.D. Cal. 2024) .... 2, 3, 6, 9

*Hill v. Xerox Bus. Servs., LLC*,
59 F.4th 457 (9th Cir. 2023) .... 1, 2, 10

*KST Data, Inc. v. DXC Tech. Co.*,
980 F.3d 709 (9th Cir. 2020) .... 8

*Martin v. Yasuda*,
829 F.3d 1118 (9th Cir. 2016) .... 2, 3

*Morgan v. Sundance, Inc.*,
596 U.S. 411 (2022) .... 1, 7

*Powell v. UHG I LLC*,
Case No.: 23cv0086 DMS (KSC), 2024 WL 2305206 (S.D. Cal. May 21, 2024) .... 4, 9

*Reinsdorf v. Skechers U.S.A., Inc.*,
296 F.R.D. 604 (C.D. Cal. 2013) .... 8, 9

*Roman v. Jan-Pro Franchising Int'l, Inc.*,
342 F.R.D. 274 (N.D. Cal. 2022) .... 8

*Slaten v. Experian Info. Sols., Inc.*
Case No. CV 21-09045-MWF (Ex), 2023 WL 6890757 (C.D. Cal. Sept. 6, 2023) .... 4, 9, 11

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*,
802 F. Supp. 2d 1125 (C.D. Cal. 2011) .... 11

*Wheeler v. LG Elecs. USA, Inc.*,
No. 1:22-cv-00459-NODJ-BAM, 2024 WL 51353 (E.D. Cal. Jan. 4, 2024) .... 1, 2

**Other Authorities**

Fed. R. Civ. P. 38(b) .... 10

I. **INTRODUCTION**

Plaintiff Mikhail Gershzon's ("Plaintiff" or "Gershzon") Opposition (the "Opposition," DE 35) is based on a faulty argument that Defendant Event Tickets Center ("Defendant" or "ETC") has waived its right to compel arbitration in this matter. This argument is unconvincing. Shortly after substituting in its new counsel in this case on March 24, 2024 (DE 31), ETC filed the present Motion to Compel Arbitration (the "Motion," DE 32). The Motion was filed ten-and-a-half months after Plaintiff filed his Complaint (the "Complaint," DE 1) on July 9, 2024. Motions to compel arbitration are frequently granted by courts in this Circuit when filed within one year of the filing of the initial complaint. Moreover, ETC has not propounded any discovery demands, and ETC has not sought any substantive rulings on the merits of Plaintiff's claims or ETC's defenses. Consequently, ETC has not waived its right to compel arbitration.

Additionally, Plaintiff's Opposition does not appear to contest ETC's contention that the design of ETC's website and the Notice placed directly above the "PLACE ORDER" button therein is sufficient, under this Circuit's precedent, to establish mutual assent to the arbitration provision contained in ETC's terms and policies. (*See generally* DE 32 and 35.) Therefore, ETC has not waived its right to compel arbitration, and Plaintiff assented to the terms of the arbitration provision.

Because ETC has met its burden to show a binding arbitration agreement, and because Plaintiff has not met his burden to show that ETC has waived the right to compel arbitration pursuant to that arbitration agreement, this Court should grant ETC's Motion to Compel Arbitration.

A. **ETC has not waived its right to compel arbitration against Gershzon.**

Following the Supreme Court's decision in *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022), a party seeking to assert waiver of the right to compel arbitration has the burden to show "(1) knowledge of an existing right to compel arbitration; and (2) intentional acts inconsistent with that existing right." *Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 468 (9th Cir. 2023); *see also Wheeler v. LG Elecs. USA, Inc.*, No. 1:22-

1

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION – 3:24-cv-04142-RS**

cv-00459-NODJ-BAM, 2024 WL 51353, at *5 (E.D. Cal. Jan. 4, 2024) (summarizing the post-*Morgan* changes to the Ninth Circuit's precedent regarding waiver of the right to compel arbitration).

ETC does not contest the first element under *Hill*. ETC does, however, contest Plaintiff's assertion that ETC has acted inconsistently with its right to compel arbitration to the point of waiver. Because Plaintiff has not met his burden to show that ETC "actively litigat[ed] [its] case to take advantage of being in federal court," the court should find that ETC has not waived its right to compel arbitration against Plaintiff. *Hill*, 59 F.4th at 471 (citations omitted).

The Ninth Circuit has not recognized any "concrete test to determine whether a party has engaged in acts inconsistent with its right to arbitrate," instead opting to consider "the totality of the parties' actions." *Wheeler*, 2024 WL 51353 at *5 (quoting *Martin v. Yasuda*, 829 F.3d 1118, 1125 (9th Cir. 2016) and *Hill*, 59 F.4th at 471). "[A] party generally acts inconsistently with exercising the right to arbitrate when it (1) makes an intentional decision not to move to compel arbitration and (2) actively litigates the merits of a case for a prolonged period of time in order to take advantage of being in court." *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1015 (9th Cir. 2023) (citation omitted). Crucially, courts in this Circuit have noted that "while [a] precise length of the delay has not been specified as indicating [a conscious decision to seek judicial judgment], the Ninth Circuit has indicated that litigating in federal court for *well over a year in combination with the filing of substantive motions* weighs in favor of a finding of waiver." *Fox v. Experian Info. Sols., Inc.*, 718 F.Supp.3d 1231, 1239 (E.D. Cal. 2024) (citations omitted) (emphasis added). Conversely—and pertinent here: "Moving to compel arbitration *within a year of the filing of plaintiff's complaint, in combination with never seeking or obtaining a ruling on the merits*, has been found by the Ninth Circuit to indicate no waiver of the right to arbitrate." *Id.* (emphasis added) (citing *Armstrong*, 59 F.4th at 1016).

2

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION – 3:24-cv-04142-RS**

|   |   |
|---|---|
| 1 | ETC filed its Motion to Compel Arbitration on May 23, 2025—approximately ten-and-a-half months after Gershzon filed his Complaint on July 9, 2024. (DE 1, 32.) Therefore, ETC moved to compel arbitration "within a year of the filing of plaintiff's complaint," acting within the timeline that courts within the Ninth Circuit have repeatedly held weighs against a finding of waiver. *See Armstrong*, 59 F.4th at 1016 (holding that defendant's 10-month delay did not support a finding of waiver); *Fox*, 718 F.Supp.3d at 1239 (holding that defendant's 11-month delay between the complaint and compelling arbitration was "insufficient to establish waiver"); *cf. Martin*, 829 F.3d at 1126 (holding that defendant had waived its right to compel arbitration in part because defendant "spent seventeen months litigating the case"). ETC has timely sought arbitration of this matter under this Circuit's precedent. |

Plaintiff also has the burden to show that ETC has "generally [acted] inconsistently with exercising the right to arbitrate" through both "an intentional decision not to move to compel arbitration" and active litigation of "the merits of a case for a prolonged period of time in order to take advantage of being in court." *Armstrong*, 59 F.4th at 1015 (emphasis added) (citation omitted). Plaintiff has not met this burden, because he cannot show that ETC has "[sought] or [obtained] a ruling on the merits." *Fox*, 718 F.Supp.3d at 1239 ("[M]oving to compel arbitration within a year of the filing of plaintiff's complaint, in combination with never seeking or obtaining a ruling on the merits, has been found by the Ninth Circuit to indicate no waiver of the right to arbitrate").

In his Opposition, Plaintiff identifies actions taken by ETC as allegedly being "inconsistent with a right to arbitrate." (DE 35 at 7:24-26, quoting *Chan v. Panera, LLC*, Case No. 2:23-cv-04194-JLS-AJR, 2024 WL 4137332, at *2 (C.D. Cal. Sept. 3, 2024).) Those actions include: answering the complaint without invoking arbitration; submitting a joint report as required by Federal Rule of Civil Procedure 26(f); submitting, alongside Plaintiff, a Stipulated Protective Order; seeking to have the *Hernandez* matter transferred to this Court; and responding to Plaintiff's discovery

3

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION – 3:24-cv-04142-RS**

requests. (DE 35 at 13:11-19.) As detailed below, the above rote listing of ETC's litigation actions elides crucial context.

In support of his assertion that ETC has waived its right to compel arbitration through the above actions, Plaintiff cites several cases from this Circuit. Plaintiff's reliance on these cases is inapposite, as **each** of the cited cases ruling on waiver of the right to arbitrate reiterates the standard that the question of waiver is determined by the "totality of the parties' actions," not by a mere recitation of specific litigation events.[1] The parties in each of these cases who waived their right to compel arbitration did so through behavior that **exceeded** the above-described actions, even if that behavior did include those actions.

For example, in *Chan*, the defendant actively litigated the case for 15 months prior to filing a motion to compel arbitration—a breadth and length of litigation that is not comparable to the ten months of activity in the present matter. *Chan*, 2024 WL 4137332, at *3. During that time, the *Chan* defendant removed the case to federal court and fully litigated a motion to remand. During the pendency of that latter motion, the defendant stipulated to a nine-month continuance of the hearing date before ever mentioning its planned motion to compel arbitration. *Id.* at *1, 3. ETC has not engaged in any comparable litigation efforts in the present case—it has not litigated **any** motions (other than the present Motion), and did not stipulate to any continuances similar to the nine-month period in *Chan* before filing the present Motion. Plaintiff similarly relies on *Chan* to argue that ETC has waived its right to compel arbitration through, in part, engaging "in discovery, including the exchange of information relevant to class certification."

---

[1] *See Slaten v. Experian Info. Sols., Inc.*, Case No. CV 21-09045-MWF (Ex), 2023 WL 6890757, at *4 (C.D. Cal. Sept. 6, 2023) (noting that in determining whether a party acted inconsistently with the right to compel arbitration, the court must "consider the totality of the parties' actions") (internal quotation marks and citation omitted); *Banq, Inc. v. Purcell*, No. 23-15229, 2024 WL 4164126, at *1 (9th Cir. Sept. 10, 2024) (same); *Chan*, 2024 WL 4137332, at *2 (C.D. Cal. Sept. 3, 2024) (same); *Earn Guild PTE LTD v. Crowdcreate, LLC*, Case No.: 2:23-09277 ADS, 2024 WL 5365055, at *2 (C.D. Cal. Dec. 16, 2024) (same); *Powell v. UHG I LLC*, Case No.: 23cv0086 DMS(KSC), 2024 WL 2305206, at *3 (S.D. Cal. May 21, 2024) (same).

4

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION – 3:24-cv-04142-RS**

(DE 35 at 11:4-5.) In doing so, however, Plaintiff fails to describe the full extent of the *Chan* parties' participation in the discovery process. In *Chan*, the parties exchanged "at least 75 requests for production, 19 interrogatories, and 24 requests for admission" before the defendant filed its motion to compel arbitration. In response to those discovery requests, the defendant provided "time records, payroll records, and contact information for 20% of the putative Class Members"—a production that the *Chan* opinion further clarifies as covering "3,000 putative Class Members, with the understanding that Chan would use the information in her upcoming motion for class certification." *Chan*, 2024 WL 4137332, at *1, 4. The parties' participation in the discovery process in the present matter is nowhere close to that found to support waiver in *Chan*. To begin, only Plaintiff (not ETC) has propounded discovery requests. Those requests comprised only three Interrogatories and 17 Requests for Production. (Winningham Decl., ¶ 4.) Similarly, at the time the present Motion was filed, ETC had responded to Plaintiff's discovery by producing roughly 24 pages of documents. (*Id.* at ¶ 5.) Those documents concerned only the specific ticket order placed by Plaintiff and language included on ETC's website. (*Id.* at ¶ 6.) Therefore, the discovery undertaken by Plaintiff, and ETC's response thereto is substantively and quantitatively less than that found to support waiver in *Chan*: here, ETC produced 24 pages of documents in response to Plaintiff's 17 Requests for Production and 3 Interrogatories prior to the filing of the Motion, and those documents concerned only the named Plaintiff. Conversely, in *Chan*, the defendant (Panera) produced documents covering "3,000 putative class members" in response to "75 requests for production, 19 interrogatories, and 24 requests for admission." *Chan*, 2024 WL 4137332, at *1, 4. Moreover, the *Chan* court observed, "Notably, Panera's arbitration agreement permits only 'one interrogatory limited to the identification of potential witnesses,' twenty-five requests for production, and two depositions, meaning that Panera's discovery conduct in this matter is at odds with its own arbitration procedures." *Id.* at *4. The disparity between the two cases is thus readily apparent. ETC has not propounded any discovery in this matter and has only

responded to Plaintiff's roughly 20 discovery requests. Unlike the *Chan* defendant, ETC has not "provided extensive discovery responses on arbitrable claims that were aimed at the propriety of class certification." *Id.* at *4 (citation omitted). Nor has ETC engaged in discovery conduct that is "at odds with its own arbitration procedures" as was the case in *Chan*. Therefore, ETC's participation in the discovery process is significantly less involved and less significant than that in *Chan*, and indeed less involved than those of parties that courts in this Circuit have held to have not waived arbitration. *See Fox*, 718 F.Supp.3d at 1240-42 (holding that defendant did not waive arbitration even where it served "20 requests for admission, 18 interrogatories, and 23 requests for production"). In sum, Plaintiff's reliance on *Chan* is inapposite, as the totality of the defendant's behavior in *Chan* demonstrates a much lengthier and involved reliance on the judicial forum than any found in the present matter.

*Earn Guild*, also relied upon by Plaintiff, can be similarly distinguished. The defendant seeking arbitration in that case waited "nearly a year"—361 days, to be exact—after the filing of the plaintiff's complaint to file its own motion to compel arbitration. *Earn Guild*, 2024 WL 5365055, at *1-2. This demonstrates a length of litigation longer than the ten-and-a-half months of activity in the present matter. Moreover, the *Earn Guild* defendant propounded written discovery and even defended four depositions. *Id.* at *2-3. ETC's involvement in the present matter does not even come close to that level of involvement—ETC has not propounded any discovery, nor have the parties taken or defended any depositions. This matter was pending for ten-and-a-half months before the present Motion was filed and ETC has not propounded discovery or defended depositions and, therefore, the totality of the circumstances in this present matter shows that ETC has not waived its right to arbitration under this Circuit's precedent.

Plaintiff relies on two cases—*Morgan* and *KST Data*—to argue that, by not listing arbitration as an affirmative defense in its Answer, ETC has waived the right to compel arbitration. Plaintiff's reliance on both cases is inapposite. As an initial matter, *Morgan*

6

explicitly and clearly did not rule on the question of waiver. In that case, the United States Supreme Court held *only* that Circuit courts cannot "create arbitration-specific variants of federal procedural rules," thus invalidating any circuit-specific rules conditioning a waiver of the right to arbitrate on a showing of prejudice. *See Morgan*, 596 U.S. at 417. The Supreme Court vacated and remanded the case for further proceedings without reaching any decision on whether the respondent waived its right to compel arbitration. *Id.* at 419; *see also id.* at 412 ("The Court's *sole* holding today is that [the Court of Appeals] may not make up a new procedural rule based on the FAA's policy favoring arbitration") (emphasis added and internal quotation marks omitted). Despite that clear limitation, Plaintiff nevertheless relies on *Morgan* to support its argument that ETC has waived its right to compel arbitration by not mentioning arbitration in its Answer. (*See* DE 35 at 9:2-3.) This reliance is inappropriate. The quoted language cited by Plaintiff appears only as a recitation of the underlying facts. That the party seeking arbitration in *Morgan* asserted "14 affirmative defenses—but none mentioning the arbitration agreement" did not factor at all into the Supreme Court's holding in that case, because the *Morgan* opinion did not consider, and thus **could not** rule on, any waiver issues. The Supreme Court did not hold—as Plaintiff seems to imply through its citation—that the respondent waived its right to compel arbitration by asserting 14 affirmative defenses without mentioning arbitration. Plaintiff's citations to *Morgan* are at the very least inapposite, if not misleading. Therefore, the Court should disregard Plaintiff's reliance on *Morgan*.[2]

Similarly, Plaintiff cites to *KST Data* for the proposition that "an affirmative defense that is not asserted in an answer to the complaint is waived or forfeited by the

---

[2] Plaintiff also relies on *Morgan* in a later section arguing that ETC's ten-and-a-half month "delay" is sufficient to waive the right to compel arbitration. (DE 35 at 13:1-2.) As with the "affirmative answer" argument, Plaintiff cites to a portion of *Morgan* that is a mere restatement of facts that did not impact the Supreme Court's decision. Therefore, the Court should disregard Plaintiff's apparent invocation of *Morgan* to support its waiver argument.

7

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION – 3:24-cv-04142-RS**

defendant." (DE 35 at 9:3-5.) As an initial matter, courts in this Circuit have held that "failure to raise arbitration as an affirmative defense is not inconsistent with the right to arbitrate." *See Roman v. Jan-Pro Franchising Int'l, Inc.*, 342 F.R.D. 274, 292 (N.D. Cal. 2022) (citations omitted); *Branco v. Norwest Bank Minnesota, N.A.*, 381 F.Supp.2d 1274, 1279 (D. Haw. 2005) ("Failure to raise an arbitration agreement as an affirmative defense is not a binding waiver of the right to arbitrate") (citation omitted); *see also Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 698 (9th Cir. 1986) (in a case applying the pre-*Morgan* three-part test for waiver, noting that "nor is waiver established by the fact that [defendant] failed to raise as an affirmative defense the agreement to arbitrate. Absent a showing of prejudice by the [plaintiffs], the bare fact that [defendant] failed to raise an affirmative defense is inadequate by itself to support a claim of waiver of arbitration"). Moreover, as with *Morgan* above, Plaintiff's citation to this case is inapposite, as the *KST Data* decision does not deal at all with waiver of the right to compel arbitration. (In fact, the word "arbitration" does not appear once in the decision. *See generally KST Data, Inc. v. DXC Tech. Co.*, 980 F.3d 709 (9th Cir. 2020).) *KST Data* dealt with whether a defendant must reassert an affirmative defense in response to an amended complaint after asserting the same affirmative defense in two earlier answers responding to identical allegations. *Id.* at 711. By directly quoting this case for the seeming proposition that "an affirmative defense that is not asserted in an answer to the complaint is waived or forfeited by the defendant," Plaintiff is citing an irrelevant case out of context. Therefore, Plaintiff's reliance on *KST Data* should be disregarded.[3]

---

[3] Similarly, Plaintiff relies on three cases—none of which deal with waiver of the right to compel arbitration—to support its argument that ETC only moved to compel arbitration after it switched counsel. (DE 35 at 9:26 – 10:4.) As with *KST Data*, none of these cases deal with waiver of the right to compel arbitration, and should be disregarded as inapposite. *See DropZoneMS, LLC v. Cockayne*, Case No. 3:16-cv-02348-YY, 2019 WL 2070417, at *3, 5 (D. Ore. Feb. 27, 2019) (dealing with a party's motion for leave to amend a complaint to add five new claims over a year after the deadline to amend pleadings elapsed, and explicitly analyzing the motion in the context of "diligence," which is not a factor in the waiver analysis); *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002) (analyzing a party's request for relief from a default judgment based on its counsel's alleged negligence); *Reinsdorf v.*

*See Evitt v. Experian Info. Sols. Inc.*, CASE NO. 3:23-cv-05294-LK, 2024 WL 1513614, at *5-6 (W.D. Wash. Apr. 8, 2024) (holding that defendant's "failure to assert arbitration as an affirmative defense has not waived its arbitration rights" where defendant "did not raise arbitration as an affirmative defense [in its answer] … and [defendant] raised its arbitration rights for the first time in its motion to compel arbitration").

Plaintiff's remaining comparisons are similarly unavailing. Plaintiff relies on the court's finding of waiver in *Slaten* but only mentions in passing that the defendant in that case waited **eighteen months** before filing its motion to compel arbitration—a timespan almost twice as long as ETC's ten-and-a-half month window. *Slaten*, 2023 WL 6890757, at *4. Plaintiff also relies on the court's finding of waiver in *Powell*, but fails to mention that the party seeking to compel arbitration in that case opposed the plaintiff's motion for leave to file an amended complaint and both took and defended a deposition. *Powell*, 2024 WL 2305206, at *4. In both cases, the courts' findings of waiver were based on a pattern of behavior much more involved than that demonstrated by ETC in the present matter.

Courts in this Circuit have found "no waiver of the right to arbitrate" where the party seeking arbitration moves "to compel arbitration *within a year* of the filing of plaintiff's complaint, in combination with *never seeking or obtaining a ruling on the merits*." *Fox*, 718 F.Supp.3d at 1239 (citing *Armstrong*, 59 F.4th at 1016). As shown above, ETC has met both of these standards. ETC filed its motion to compel arbitration only ten-and-a-half months after Plaintiff filed his complaint—well "within a year of the filing of plaintiff's complaint." ETC has also never sought a ruling on the merits of its defenses or of Plaintiff's claims—and indeed has not filed *any* motion of *any* kind (other than this pending motion) since Plaintiff filed his complaint. (*See generally* docket.) Plaintiff's other arguments presenting ETC's behavior in this case as sufficient to waive

---

*Skechers U.S.A., Inc.*, 296 F.R.D. 604, 621 (C.D. Cal. 2013) (dealing with a request to re-open discovery).

9

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION – 3:24-cv-04142-RS**

arbitration fall short, as shown above.[4] "There is no concrete test to determine whether a party has engaged in acts inconsistent with its right to arbitrate; rather, we consider the totality of the parties' actions." *Hill*, 59 F.4th at 471 (citations omitted). The totality of ETC's actions in this matter—from its filing of the Motion only ten-and-a-half months after Plaintiff's complaint was filed, to the lack of any substantive, merits-based motions, to the utter lack of discovery requests propounded by or depositions taken by ETC—clearly demonstrate that, under this Circuit's precedent, ETC has not waived its right to compel arbitration. Because Plaintiff has not met his burden to show waiver of the right to compel arbitration, the Court should find that ETC has not waived its right to compel arbitration.

### B. Plaintiff's Opposition misunderstands ETC's position on delegation.

In his Opposition, Plaintiff appears to argue that ETC's Motion takes the stance that "all questions of arbitrability"—including waiver—"have been delegated to the arbitrator." (*See* DE 35 at 6:12-17) ("Defendant relies on *Momot* to argue that the following language means that all questions of arbitrability have been delegated to the arbitrator.") If this is the case, then Plaintiff misunderstands ETC's position on delegation. The language referenced by Plaintiff is found in a section arguing only that Plaintiff's specific claims, as listed in his Complaint (DE 1), fall within the scope of the Arbitration Agreement. In that section, ETC argues first that, under this Circuit's precedent, "any issue regarding the scope of the Arbitration Agreement is nevertheless

---

[4] Throughout his Opposition, Plaintiff appears to argue that, by requesting a jury trial, ETC has waived its right to compel arbitration. (*See, e.g.*, DE 35 at 1:26, 2:25, 9:10, 11:27, and 13:4.) However, Plaintiff does not cite to any case law holding that such a request requires (or even supports) a finding of waiver. As the Court is undoubtedly aware, the Federal Rules impose a strict, 14-day time limit following the defendant's answer for the parties to preserve their right to a jury trial. *See* Fed. R. Civ. P. 38(b). As with ETC's other litigation activities included in the Opposition's rote recitation of actions that supposedly waive the right to compel arbitration, ETC's precautionary preservation of a jury trial (which could later be waived) must be considered as part of the "totality of the parties' actions." *Hill*, 59 F.4th at 471 (citations omitted). As shown above, the totality of the parties' actions up to this point in the litigation demonstrate that ETC has not waived its right to compel arbitration.

to be decided by an arbitrator." (DE 32 at 10:15-11:4.) ETC then goes on to argue that, in the alternative, this Court should nevertheless hold that Plaintiff's claims are encompassed by the Arbitration Agreement. (*Id.* at 11:5-14.) ETC's Motion does not argue that the issue of waiver is beyond the court's purview. *See Slaten*, 2023 WL 6890757, at *2 ("The issue of waiver is a question of arbitrability that is presumptively for a court to decide") (internal quotation marks and citation omitted).

ETC notes that Plaintiff's Opposition does not appear to challenge the assertion that—whether the scope of the Arbitration Agreement is decided by the Court or by an arbitrator—Plaintiff's claims fall within the scope of the Arbitration Agreement. By its own language, the Arbitration Agreement covers:

> Any controversy, claim, dispute, or other action, arising out of or relating to the use of SITE, any order placed on SITE, or these policies including any dispute over the validity, enforceability or scope of this arbitration provision…

(DE 32-1 at ¶¶ 3, 7-8, Ex. A.) Plaintiff brings six claims in his complaint, all of which by their own terms plainly and expressly arise out of the ticket order Plaintiff placed on the Website. (DE 1 at ¶¶ 62-66, 79-81, 93-94, 104-105, 112, and 115.) Therefore, the Arbitration Agreement plainly encompasses and requires arbitration of Plaintiff's claims.

**C.    Plaintiff individually assented to the terms & policies' binding Arbitration Agreement.**

Plaintiff's Opposition does not contest ETC's argument that the Notice contained on ETC's Website provided notice sufficient to bind Plaintiff to ETC's terms and policies, including the Arbitration Agreement. (*See* DE 32 at 6-10 for ETC's full argument regarding Plaintiff's assent to the terms and policies.) "In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue." *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F.Supp.2d 1125, 1132 (C.D. Cal.

11

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION – 3:24-cv-04142-RS**

2011) (collecting authorities). Accordingly, this Court should find that ETC's Notice provided Plaintiff with "reasonably conspicuous" notice of the terms to which he would be bound upon clicking the "PLACE ORDER" button placed directly under a sentence stating "By clicking 'Place Order,' **you are agreeing to EventTicketsCenter.com's terms & policies**. All sales are final." (DE 32-4 at ¶ 6) (emphasis added); *see Berman v. Freedom Fin. Network*, 30 F.4th 849, 856-57 (9th Cir. 2022).

As soon as Plaintiff manifested his assent to the terms by clicking the "PLACE ORDER" button, the terms and policies applicable to his ticket purchase became agreed to and enforceable. *Berman*, 30 F.4th at 857 ("A user's click of a button can be construed as an unambiguous manifestation of assent only if the user is explicitly advised that the act of clicking will constitute assent to the terms and conditions of an agreement"). Therefore, Plaintiff agreed to be bound by the Arbitration Agreement included in the terms and policies. As a result, a valid arbitration agreement exists between the parties. *See Capps v. JPMorgan Chase Bank, N.A.*, No. 2:22-cv-00806-DAD-JDP, 2023 WL 3030990, at *4-5 (E.D. Cal. Apr. 21, 2023) ("[T]he court finds that the website provided sufficient notice of the Terms of Use Agreement, and therefore that there was a binding arbitration agreement between plaintiffs and [defendant]"); *Cordas v. Uber Techs., Inc.*, 228 F.Supp.3d 985, 990 (N.D. Cal. 2017) ("[A user] must affirmatively assent to Uber's terms and conditions by clicking "DONE" to complete his sign-up process on a page clearly displaying the notice … Only by clicking "DONE" does the user assent. If he does not create an account, he does not agree to [the] terms and conditions. By creating an account on the Uber app, [user] affirmatively acknowledged the agreement and is bound by its terms") (internal quotations and citations omitted).

II. **CONCLUSION**

For the foregoing reasons, the Court should grant ETC's Motion to Compel Arbitration.

Dated: June 30, 2025

K&L GATES LLP

By: */s/ Jacob R. Winningham*
    Jacob R. Winningham
    Paul W. Sweeney, Jr.
    Kevin S. Asfour

Attorneys for Defendant
 EVENT TICKETS CENTER, INC.

# CERTIFICATE OF SERVICE

Case No. 3:24-CV-04142-RS

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: K&L GATES LLP, 10100 Santa Monica Boulevard Eighth Floor, Los Angeles, CA 90067.

On June 30, 2025 I served the document(s) described as:

**DEFENDANT EVENT TICKETS CENTER, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION; DECLARATION OF JACOB WINNINGHAM**

Service of the above referenced document was provided to the parties as stated below:

| | |
|---|---|
| Ben Travis (Cal. Bar No. 305641)<br>ben@bentravislaw.com<br>BEN TRAVIS LAW, APC<br>4660 La Jolla Village Drive, Suite 100<br>San Diego, CA 92122<br>Telephone: (619) 353-7966<br><br>Charles Moore<br>cmoore@reesellp.com<br>REESE LLP<br>121 N. Washington Avenue, Ste. 4th Floor<br>Minneapolis, MN 55401<br>Telephone: (212) 643-0500 | *Counsel for PLAINTIFF*<br>MIKHAIL GERSHZON |

☑ **BY ECF**: The undersigned certifies that the document listed above was filed this June 30, 2025. Notice of this filing will be sent to all parties in this case listed below by operation of the Court's electronic filing system (ECF). Parties may access this filing via the Court's ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 30, 2025 at Los Angeles, California.

Jacob Winningham
_____

*Jacob Winningham*
Signature

1
CERTIFICATE OF SERVICE