UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKHAIL GERSHZON,<br><br>Plaintiff,<br><br>v.<br><br>EVENT TICKETS CENTER, INC.,<br><br>Defendant. | Case No. 24-cv-04142-RS<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION** |

## I. INTRODUCTION

Plaintiff Mikhail Gershzon brings this suit against Defendant Event Tickets Center, Inc. ("ETC"), asserting claims on behalf of a proposed nationwide class of United States residents and a proposed subclass of California residents who purchased tickets from Defendant's website. Defendant now moves to compel arbitration, contending Plaintiff and members of the proposed class and subclass are bound by ETC's arbitration agreement. Plaintiff concedes that the agreement is valid and enforceable as to his claims but argues that Defendant has waived its right to compel arbitration. Defendant's actions, taken as a whole, were consistent with the intent to arbitrate, and therefore it has not waived its right to enforce the agreement. For the reasons set forth below, Defendant's Motion to Compel Arbitration is granted.

## II. BACKGROUND

This dispute arises out of a ticket purchase Plaintiff made via Defendant's site. Plaintiff alleges ETC's business is essentially a scam, overcharging consumers for tickets and sometimes selling outright counterfeits. To purchase a ticket, Plaintiff needed to navigate to the checkout webpage,

1 which displayed a notice informing the user that by placing an order, he was agreeing to ETC's

2 terms and policies. The terms included ETC's privacy policy, which contained a binding

3 arbitration agreement and class action waiver.

4     Plaintiff filed his class action complaint against Defendant on July 9, 2024. Defendant filed

5 its answer on September 30, 2024, asserting multiple affirmative defenses, but omitting any claim

6 of arbitrability. In October, the parties filed a Joint Case Management Statement where Defendant

7 shared it would oppose any motion for class certification and might file a motion for summary

8 judgment after responding to Plaintiff's discovery requests. Defendant also requested a jury trial.

9 Separately, Defendant requested a court in the Eastern District transfer a potentially related case to

10 this forum. *See Hernandez v. Event Tickets Centers, Inc.*, No. 2:24-cv-1983-DAD-AC, 2025 WL

11 1067714 (E.D. Cal. 2025).

12     Defendant produced 24 responsive documents in response to two sets of requests from

13 Plaintiff. In March of this year, parties met and conferred about alleged deficiencies in

14 Defendant's productions. Defense counsel did not mention arbitration at that point. Defendant,

15 with the Court's permission, substituted counsel on March 20, 2025. Following the meet and

16 confer, Plaintiff sent a deficiency letter to Defendant and set another call for the end of April.

17 During that subsequent meet and confer, Defendant declared its intention to compel arbitration and

18 subsequently filed this Motion on May 23, 2025.

### III. LEGAL STANDARD

20     A court's role in determining whether to compel arbitration is limited to determining the

21 issues of "(1) whether a valid agreement to arbitrate exists, and, if it does, (2) whether the

22 agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207

23 F.3d 1126, 1130 (9th Cir. 2000) (relying on 9 U.S.C. § 4). There must be an "express, unequivocal

24 agreement to that effect." *Three Valleys Mun. Water Dist. v. E.F. Hutton Co.*, 925 F.2d 1136, 1141

25 (9th Cir. 1991). If the party seeking to compel arbitration demonstrates a valid agreement

26 encompassing the dispute, a court must hold the parties to that arbitration agreement. *See, e.g.*,

27 *Armstrong v. Michaels Stores, Inc*., 59 F.4th 1011, 1014.

Because arbitration agreements are as enforceable as other contracts, but not more so, a party can waive its right to enforce arbitration. *See id.* at 1015 (relying on *Morgan*, 142 S. Ct. at 1714). The party asserting waiver bears the burden of demonstrating "(1) knowledge of an existing right to compel arbitration; and (2) intentional acts inconsistent with that existing right." *Hill v. Xerox Bus. Serv., LLC*, 59 F.4th 457, 468 (9th Cir. 2023).

## IV. DISCUSSION

The crux of this motion is Plaintiff's assertion that Defendant waived the right to enforce the arbitration agreement. In his opposition to Defendant's motion to compel arbitration, Plaintiff does not contest the validity or scope of the agreement. In brief, Plaintiff does not oppose the conclusion that ETC's checkout page provided reasonable notice of the terms of service, and that Plaintiff clicked a button unambiguously manifesting assent to those terms. Therefore, Defendant has demonstrated a binding agreement to arbitrate. *See Berman v. Freedom Fin. Network*, 30 F.4th 849, 856–57 (9th Cir. 2022). The language of the arbitration agreement is broad enough to clearly encompass Plaintiff's putative class claims. Accordingly, Defendant has met its initial burden to compel arbitration. Plaintiff must therefore meet his burden to establish waiver.

### A. Jurisdiction

As a threshold matter, the Court has authority to rule on whether Defendant has waived the right to arbitrate. "The issue of waiver is a 'question of arbitrability' that is presumptively for a court to decide." *Slaten v. Experian Information Solutions, Inc.*, 2023 WL 6890757, at *2 (C.D. Cal. Sept. 6, 2023) (quoting *Martin v. Yasuda*, 829 F.3d 1118, 1123 (9th Cir. 2016)). "But the parties may choose to have an arbitrator decide that issue by including 'clear and unmistakable language to that effect' in the arbitration agreement." *Slaten*, 2023 WL 6890757, at *2 (quoting *Martin*, 829 F.3d at 1124). The language of ETC's clause reads as follows:

> Any controversy, claim, dispute, or other action, arising out of or relating to the use of SITE, any order placed on SITE, or these policies including any dispute over the validity, enforceability, or scope of this arbitration provision (a 'CLAIM' or 'CLAIMS') shall be resolved through binding arbitration administered by the American Arbitration Association.

Dkt. No. 32-1.

This language is no broader than that in *Martin* and *Slaten*, where the agreements did not delegate the issue of waiver. For example, the *Slaten* agreement delegated decisions on the "scope and enforceability of this arbitration provision," but this was not enough to encompass the issue of waiver. *Slaten*, 2023 WL 6890757, at *3. Equally, the language in *Martin* encompassed "all determinations as to the scope, enforceability, and effect of this arbitration agreement," yet did not clearly delegate the issue of waiver. *Martin*, 829 F.3d at 1124.

The parties agree that because the agreement does not contain the clear and unmistakable language necessary to delegate the question, the Court is responsible for deciding whether ETC has waived its right to enforce arbitration.

**B. Waiver**

Defendant admits its awareness of the arbitration provision. Therefore, the only question remaining is whether ETC committed intentional acts inconsistent with its rights under that agreement. Although Defendant has waited nearly a year to file a motion to compel, its actions, in totality, do not merit waiver.

"There is no concrete test to determine whether a party has engaged in acts that are inconsistent with its right to arbitrate." *Banq, Inc. v. Purcell*, 2024 WL 4164126, at *1 (9th Cir. Sept. 10, 2024) (quoting *Martin*, 829 F.3d at 1125). Instead, courts consider "the totality of the parties' actions." *Hill*, 59 F.4th at 471 (citation and quotation omitted). Generally, a party acts inconsistently with this right where he "chooses to delay his right to compel arbitration by actively litigating his case to take advantage of being in federal court." *Martin*, 829 F.3d at 1125.

Here, Plaintiff contends Defendant engaged in such intentional acts because Defendant waited for ten months after the filing of the complaint to compel arbitration. Additionally, Plaintiff asserts Defendant has actively participated in the early stages of litigation. Since Plaintiff filed his complaint in July 2024, Defendant (1) answered the complaint with no mention of the arbitration clause, (2) stipulated to a protective order to facilitate class-wide discovery, (3) answered discovery requests, (4) filed a joint Rule 26(f) report, which included a request for a jury trial and Defendant's intent to file a summary judgment motion, (5) sought the transfer of a related matter

1  to this Court, and (6) did not, throughout a CMC and several meet and confers, raise its intent to
2  compel arbitration with either Plaintiff or the Court. Defendant contests the weight of these
3  actions. It argues waiver is inappropriate because it filed its motion to compel arbitration in a
4  timely manner and sought no merits-based rulings from the Court. On the whole, while Defendant
5  has not been prompt, ETC has not purposefully delayed this motion in favor of actively litigating
6  the matter. Defendant's actions have been relatively routine, merely preserving some of its rights
7  and defenses without seeking adjudication in this forum. Defendants did not seek a decision on the
8  merits, provided minimal discovery, and declined the use of court resources such as mediation.
9  Accordingly, Defendant's actions do not amount to waiver.

10  First, Defendant's ten months of delay, while not dispositive, do not support a finding of
11  waiver. The Ninth Circuit has found that "a party's extended silence and delay in moving for
12  arbitration *may* indicate a 'conscious decision to continue to seek judicial judgment on the merits
13  of [the] arbitrable claims,' which would be inconsistent with a right to arbitrate.'" *See Martin*, 829
14  F.3d at 1125 (quoting *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 759 (9th Cir.
15  1988)) (emphasis added). Courts in this circuit generally view an extended delay as one year or
16  greater. *See, e.g.*, *Martin*, 829 F.3d (finding prolonged delay where the defendant moved to
17  compel arbitration 17 months after the plaintiff filed complaint); *Armstrong*, 59 F.4th at 1015
18  (finding no prolonged delay where the defendant moved to compel arbitration at 10 months but
19  never sought a ruling on the merits and did not "waffl[e] about whether the arbitrate or stay in
20  district court."). However, this is not a bright-line rule. Therefore, Defendant overstates the law
21  when it argues its motion, filed within one year of the complaint, is entirely consistent with the
22  intent to enforce arbitration.

23  Because courts must consider the "totality of a party's actions," a defendant could still
24  waive its rights in less than a year. *See, e.g.*, *Banq, Inc. v. Purcell*, No. 23-15229, 2024 WL
25  4164126, at *2 (9th Cir. Sep. 10, 2024) ("five months constitute[d] a prolonged delay . . . .
26  because Defendants actively litigated the merits of the case and engaged in discovery proceedings
27  during that period"); *see also FBC Mortgage, LLC v. Skarg*, 699 F. Supp. 3d 837 (N.D. Cal. 2023)

ORDER ON MOTION TO COMPEL
CASE NO. 24-cv-04142-RS

5

1    (finding "an eight-month delay and affirmative engage[ment] in other litigation procedure,"

2    including seeking dismissal two of plaintiff's claims on the merits, constituted waiver). Therefore,

3    the analysis must turn to the actions Defendant took during the ten months of litigation.

4        Notably, Defendant never sought a decision on the merits of the case prior to moving to

5    compel arbitration. *See Armstrong*, 59 F.4th at 1015 ("[S]eeking a decision on the merits of a key

6    issue in a case [also] indicates an intentional and strategic decision to take advantage of the

7    judicial forum." (quoting *Newirth*, 931 F.3d at 941)). Other courts have found the absence of such

8    a merits motion weighs heavily against a finding of waiver. *See, e.g.*, *Dardashty v. Hyundai Motor

9    Am.*, 745 F. Supp. 3d 986, 1000 (C.D. Cal. 2024). Defendant here has not attempted two bites at

10   the apple, as is the concern in other cases of waiver. *See, e.g., Kelly v. Pub. Util. Dist. No. 2 of

11   Grant Cnty.*, 552 F. App'x 663, 664 (9th Cir. 2014) (finding inconsistent acts element satisfied

12   when the parties "conducted discovery and litigated motions, including a preliminary injunction

13   and a motion to dismiss"); *Caccuri v. Sony Interactive Ent. LLC*, No. 21-CV-03361-AMO, 735

14   F.Supp.3d 1139, 1151–52, (N.D. Cal. May 24, 2024) (finding waiver when defendants missed the

15   deadline to request arbitration and litigated two motions to dismiss). However, courts have still

16   found waiver even when a defendant has not sought a merits decision. *See, e.g., Chan v. Panera,

17   LLC,* No. 2:23-cv-04194-JLS-AJR, 2024 WL 4137332 (C.D. Cal. Sep. 3, 2024).

18       Second, Defendant's actions beyond delay are insufficient to establish waiver. Plaintiffs

19   rely heavily on Defendant's participation in discovery as evidence of active litigation. Defendants

20   point out they merely responded to, but never propounded, discovery requests. The Ninth Circuit

21   has declined to find waiver when participation in discovery is minimal, even when the defendant

22   has served its own requests. *See, e.g.*, *Armstrong*, 59 F.4th at 1016 (finding "limited discovery

23   requests did not evince a decision to take advantage of the judicial forum").

24       However, *Amstrong* is not dispositive in this case because the defendant there "pleaded

25   arbitration as an affirmative defense in its answers to both the original complaint and amended

26   complaint, and explicitly and repeatedly stated its intent to move to compel arbitration in both case

27   management statements and in the initial case management conference before the district

28

ORDER ON MOTION TO COMPEL
CASE NO. 24-cv-04142-RS

6

court." *Id.* at 1015. Defendant here failed to do so, necessitating comparison to recent waiver cases within this Circuit.

Plaintiff relies on comparable cases to argue the sum of Defendant's actions constitute waiver. However, Plaintiff's cases are unpersuasive because at each point, the defendant waited longer or litigated more vigorously than Defendant here. *See, e.g., Chan,* 2024 WL 4137332 at *1 (finding waiver where defendant waited fifteen months and engaged in discovery beyond the scope of the arbitration agreement); *Slaten*, 2023 WL 6890757 at *1 (defendant waited eighteen months); *Earn Guild v. Crowdcreate, LLC*, No. 2:23-09277 ADS, 2024 WL 5365055 (C.D. Cal. Dec. 16, 2024) (defendant waited one year, propounded its own discovery requests, and took at least four depositions).

Plaintiffs rely heavily on *Chan*, but in that case, the defendant's delay in moving to compel arbitration and its involvement in discovery and procedural litigation are both more significant than here. *See* 2024 WL 4137332 at *1. The *Chan* defendant waited fifteen months, litigated a motion to remand, stipulated to a nine-month long continuance, and exchanged at least 75 requests for production, 19 interrogatories, and 24 requests for admission. *Id.* at *1. Notably, the documents provided to the plaintiff in that case included information for 3,000 putative class members, ranging far beyond the individual disputes imagined in the defendant's arbitration agreement. *See id.* Here, Plaintiff propounded 3 interrogatories and 17 requests for production. Defendant produced 24 pages of documents concerning only Plaintiff's transaction.

Defendant's other actions, including its request for a jury trial and its potential intent to file a motion for summary judgment, without more, are not inconsistent with the right to arbitrate. Defendant notes these statements were mere precautionary measures, motivated by its intent to comply with the Federal Rules of Civil Procedure as well as this district's local rules. Such statements are not equivalent to active litigation in this forum.

Taken as a whole, Defendant's actions throughout the past ten months have not demonstrated purposeful delay or intentional abandonment of the agreement. Therefore, Defendant has not waived its right to compel arbitration.

## V. CONCLUSION

Defendant has established a valid arbitration agreement, whose scope encompasses Plaintiff's claims. Plaintiffs have not shown that Defendant waived its right to enforce the agreement. Therefore, Defendant's motion to compel arbitration is granted. The action is hereby stayed pending completion of the arbitration proceedings. For administrative purposes, the Clerk is directed to close the file. Any party may move to reopen upon completion of the arbitration or for other good cause shown.

**IT IS SO ORDERED**.

Dated: August 12, 2025

_____
RICHARD SEEBORG
Chief United States District Judge